## Goodford Motor Co. v. Landrum.

(Decided Nov. 15, 1935.)

W. E. FAULKNER and FAULKNER & FAULKNER for appellant.

C. A. NOBLE for appellee.

Opinion of the Court by Morris, Commissioner—
Reversing.

On March 29, 1931, appellant sold appellee a truck for $784; $244 was paid in cash, and the balance was to be paid in twelve monthly installments of $45 each. The transaction was evidenced in writing by the usual conditional sales contract.

The truck was used by appellee's son and son-in-law in certain road construction work, and about four months after delivery, while thus engaged, it was injured by fire to such an extent that the appellee claimed it was worthless, without considerable reconditioning.

In his original petition appellee, after alleging the facts above stated, claimed, and it is not denied, that prior to the time of the fire damage he had paid appellant three of the deferred installments, making a total paid of $370. Appellee alleged that in the con-

tract of sale it was agreed that seller would procure a policy of insurance to run during the period of twelve months, covering loss by theft or fire, and that the premium would be and was included in the purchase price as above stated, and that he relied on the alleged contract. This was the basis of the action set up in the original petition, and appellee alleged that because of appellant's failure to carry out the insurance contract he was damaged to the amount of $370, the sum he had paid in cash; $37.15 license fee paid on the truck; and further that since at the time of the fire he had forty days' uncompleted work on his contract, which was profiting him $17.50 per day, he was damaged to the extent of $700, total profit he might have made but for the injury to his truck.

The court sustained appellant's motion to require appellee to file the contract, which he did by way of an amended petition, and in that amendment he says that the contract contained the following clause: "Seller *may* insure said property against fire and theft to properly protect the purchaser and seller, and purchaser shall pay the premiums," and adds "that the seller did agree that it would insure said automobile against loss by fire, and this plaintiff did pay the seller the premium." Later appellee filed a second amended petition in which he "omits and leaves out" all allegations contained in "his original and first amended petition" inconsistent with "this his second amended petition" and alleges that at the time of the purchase "the defendant agreed to and with this plaintiff that it would secure an insurance policy on the said automobile to cover its worth at all times and to insure said car against loss by fire or theft, and plaintiff agreed to and did pay the premium therefor to the defendant * * * but by fraud or mistake this agreement or part of the contract was left out of the written contract sued on here, without fault on the plaintiff's part, and he thought that said contract contained this part of their said contract."

He further says that he "relied upon this agreement upon the defendant's part, but that defendant either willfully or negligently failed to procure the insurance to the agreed amount of $784," and that because thereof he suffered the "total loss of the value of his automobile which was reasonably worth $784 at the time of its destruction by fire," for which amount he prays judgment.

The appellant answered both the original and the amended petitions, and denied all the allegations of these pleadings, except such as related to the sale of the car and the execution of the conditional sales contract, upon which it relied.

It is not necessary for a decision of this appeal to set out affirmatively pleaded matters of defense, and we will rest the consideration of the appeal on the statement that the allegations with regard to the agreement that the seller *would* or had agreed to insure the truck for $784, were very specifically denied.

The issue in the final analysis, as presented to the lower court and as the lower court undoubtedly conceived it to be, was whether or not the written contract should be reformed so as to make it appear that the seller specifically agreed to insure the truck against fire and theft to the amount of $784, and here it may be noted in passing that appellee does not plead that the appellant agreed that it would so insure the truck for his (appellee's) benefit.

It is apparent from a careful reading of the entire record that the case was practiced and proceeded on the theory that appellee contended and believed that the court should reform the written contract and as we say the court so treated the issue to be thus so.

There was a motion to transfer the cause to the equity side of the docket. This motion was made by appellant and was overruled by the court, and it may be that the proper procedure would have been to transfer to the equity side. However, when we read the instructions of the court it is apparent that the court was of the opinion that appellee was entitled to a reformation of the contract, and having so concluded he left the issue as to damages to the jury, based on such theory. The jury was advised that if they found for plaintiff they should find for him the difference in the value of the car immediately before the fire and thereafter when there was only proof at the close of the testimony for appellee, as to its value immediately before the fire.

However, it is thoroughly established in this jurisdiction that a contract should not be reformed on the ground of fraud or mistake unless the fraud or mistake is clearly and convincingly established by proof.

The testimony on behalf of appellant here falls far short of the requirements in this respect. Giving to the testimony of appellee and his son, who was present when the transaction was had, the very widest favorable latitude, we are thoroughly convinced that the court erred in holding, as he must have done, before submitting the issue to the jury, that the contract should have been and should be reformed, because the proof discloses nothing indicating that it was in the minds of either party that appellant was to be or became the insurer of the car, either for its own benefit or the benefit of the purchaser.

The appeal involves an amount in excess of $200.

For the reasons indicated the appeal is granted; the judgment reversed, with directions to the lower court to grant appellant a new trial and for proceedings consistent herewith.

Motion for appeal sustained; judgment reversed.